IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTOPHER STOWELL                                                                                           PLAINTIFF
ADC #130247

v.                                            5:16CV00318-KGB-JJV

TELLY GREY, Lieutenant,
Delta Regional Unit, ADC; *et al*.                                                                          DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   BACKGROUND

Christopher Stowell ("Plaintiff") is incarcerated at the Delta Regional Unit, Arkansas Department of Correction, and filed this *pro se* action pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff alleges Defendant Telly Grey used excessive force against him on September 6, 2016. (*Id.*) Now, Defendant Gray moves for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies against him before filing this suit. (Doc. No. 16.) Plaintiff has responded to the Motion (Doc. No. 19), so the matter is ripe for a decision. After careful review of the Motion, Statement of Facts, Brief in Support, and Response, for the following reasons, I find the Motion for Summary Judgment should be GRANTED.

### II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.    ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id.*

Plaintiff's allegations are governed by Administrative Directive 14-16. (Doc. No. 16-1.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id*. at 5-6.) If the inmate is unsatisfied with the outcome of the informal resolution, he may proceed to the formal

3

grievance procedure which entitles him to a response, first from the unit Warden, and then, if desired, from the ADC Deputy Director. (*Id*. at 8-13.) Inmates must be specific as to their issues and any personnel involved. (*Id*. at 5-6.)

Defendant has provided a copy of grievance DR-16-00292. (Doc. No. 16-2.) Plaintiff initiated the grievance process by filing an "Informal Resolution" on June 9, 2016. (*Id.* at 1.) ADC personnel responded to his Informal Resolution the next day, on June 10, 2016. (*Id.*) After receipt of the June 10, 2016, response, by policy, Plaintiff was required to submit a formal grievance within three working days. (Doc. No. 16-1 at ¶ IV. E -11.) The policy states, ". . . if the problem -solver returns Step One on the day it was submitted, the inmate has only three (3) working days from receipt of that response to file Step Two." (*Id.*) Plaintiff, unfortunately, waited until June 20, 2016, to submit his Formal Grievance. (Doc. No. 16-2 at 2.) For this reason, Grievance Coordinator Lydia Godfrey rejected the Grievance as "untimely." (*Id.*) Plaintiff appealed this decision to the Assistant Director of ADC, Dexter Payne, who also rejected the grievance as untimely. (*Id.* at 4.) Mr. Payne states, "You have failed to follow the grievance policy, by submitting a complaint that is untimely. Therefore, I will not address the merits of your appeal, which is denied." (*Id.*) I do note that Mr. Payne states Plaintiff's grievance was received on June 9, 2016, and was denied as untimely (*Id*.), but this appears to be a typographical error.

Defendant has also provided the affidavit of ADC Inmate Grievance Supervisor Barbara Williams. (Doc. No. 16-3.) Ms. Williams states, "I have reviewed grievance appeal files regarding inmate Christopher Stowell, ADC # 130247. Upon that review, I found that Mr. Stowell has not properly exhausted any grievance related to his allegations of excessive force against Telly Gray." (*Id.* at ¶ 5.) She further explains, "On June 9, 2016, Mr. Stowell initiated the informal resolution for Grievance DR 16-292. The problem solver received and returned the informal resolution on June 10,

4

2016. From that date, Mr. Stowell had three working days to submit his formal grievance to the Warden. However, Mr. Stowell did not submit the formal grievance until June 20, 2016." (*Id.* at ¶ 7.) Ms. Williams concludes by saying, "There are no timely and properly exhausted grievances specifically concerning the June 9, 2016 incident involving Telly Gray." (*Id.* at ¶ 9.)

I recognize Mr. Stowell says impediments prevented him from timely filing his Formal Grievance. (Docs. No. 16-2 at 2, 19 at 1-2.) I find these alleged impediments do not justify his failure to follow the ADC Grievance Policy. Plaintiff says he was refused law library materials, had his legal materials confiscated and "his grievances were interfered with and delayed." (Doc. No. 19 at 2.) His allegations in this regard are conclusory and fail to warrant tolling. Plaintiff had no problem filing the Informal Resolution, initiating his Formal Grievance, and appealing it. Therefore, there is no reason to believe there was any external impediment that prevented him from timely filing his Formal Grievance in a timely manner.

Based on the foregoing, I conclude that Plaintiff failed to exhaust his administrative remedies against Defendant Gray. Therefore, the Motion for Summary judgment should be GRANTED.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. No. 16) be GRANTED.

2. This cause of action be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

IT IS SO RECOMMENDED this 19th day of January, 2017.

                                                  JOE J. VOLPE  
                                                  UNITED STATES MAGISTRATE JUDGE