# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHRISTOPHER STOWELL
ADC #130247                                                                                          PLAINTIFF

v.                                        Case No. 5:16-cv-00318 KGB-JJV

TELLY GREY, Lieutenant,
Delta Regional Unit, ADC; *et al*.                                                                    DEFENDANTS

## ORDER

Before the Court are the Proposed Findings and Recommendations submitted to the Court by United States Magistrate Judge Joe J. Volpe (Dkt. No. 20). Plaintiff Christopher Stowell has timely filed an objection (Dkt. No. 21). Also pending before the Court is Mr. Stowell's motion for copies (Dkt. No. 23). After careful consideration of the Proposed Findings and Recommendations, Mr. Stowell's timely objections, and a *de novo* review of the record, the Court concludes for the reasons stated in this Order that the Proposed Findings and Recommendations shall be approved of and adopted in part. The Court grants defendant Lieutenant Telly Grey's motion for summary judgment on exhaustion of remedies (Dkt. No. 15), dismisses this case without prejudice for failure to exhaust administrative remedies, and grants Mr. Stowell's motion for copies (Dkt. No. 23).

The Court writes separately to address Mr. Stowell's objections. Mr. Stowell asserts that there is a genuine issue of material fact concerning whether or not the appeal of his formal grievance DR-16-00242 was timely. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, failure to exhaust the available administrative remedies is an affirmative defense, with the burden of proof falling on the

defendant. *Lenz v. Wade,* 490 F.3d 991, 993 n. 2 (8th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

To exhaust properly their administrative remedies, inmates in the Arkansas Department of Correction ("ADC") generally must file an informal resolution, formal grievance, and appeal to the Assistant or Deputy Director level (Dkt. No. 16, Ex. C, at 1-2). Inmates must move through each of these steps in a timely fashion. The informal resolution or Unit Level Grievance Form must be completed and submitted within 15 days after the occurrence of the incident (*Id.* at 5). After the receipt of this complaint, a problem solver must meet with the inmate within three working days (*Id.* at 6). If the problem cannot be resolved, the inmate has three working days from the receipt of the problem solver's response to file a formal grievance (*Id.* at 8). The grievance officer shall then transmit an acknowledgment or rejection of the Unit Level Grievance Form to the inmate within five working days after receipt (*Id.* at 9). If this formal grievance is rejected, the inmate may appeal to the Deputy Director level within five working days (*Id.* at 10).

Here, Mr. Stowell filed an informal resolution, Unit Level Grievance Form DR-16-00242 on June 9, 2016 (Dkt. No. 16, Ex. B). Sgt. Derwin Lee acknowledged that he received this form on June 10, 2016 (*Id.*). However, Sgt. Lee failed to note the day that he returned Mr. Stowell's informal grievance by leaving the blank "Staff Signature & Date Returned" empty (*Id.*). Mr. Stowell notes this absence in his response to defendant's motion for summary judgment. He states, "Sgt. Derwin Lee failed to date the grievance. . . thus creating a conflict of when this grievance was served." (Dkt. No. 19). Lt. Grey asserts, but provides no documentation supporting, that Sgt. Lee returned the informal resolution on June 10, 2016 (*Id.*). Mr. Stowell submitted a formal grievance on June 20, 2016 (*Id*). That same day, Lydia Godfrey, the unit Grievance Officer,

rejected Mr. Stowell's formal grievance as untimely (*Id.*). Mr. Stowell appealed that rejection to Assistant Director Dexter Payne on June 28, 2016 (*Id.*). Director Payne agreed that Mr. Stowell's grievance was untimely and rejected his appeal (*Id.*).

Viewing the evidence in a light most favorable to the nonmoving party, a genuine issue of material fact may exist concerning the timeliness of Mr. Stowell's formal grievance. Sgt. Lee failed to specify the date that Mr. Stowell's informal grievance was returned to Mr. Stowell. Because of this, the Court cannot be certain that Mr. Stowell's formal grievance was untimely. Viewing the evidence in a light most favorable to the nonmoving party Mr. Stowell, Sgt. Lee could have returned his response to Mr. Stowell as late as June 15, 2016 – three working days after it was received. Accordingly, Mr. Stowell would have been entitled to three working days from June 15, 2016, to file a formal grievance. This would make Mr. Stowell's grievance filed on June 20, 2016, timely rather than untimely under ADC policy.

Despite this, Mr. Stowell still failed to exhaust properly his administrative remedies before filing suit. Mr. Stowell's appeal to the Assistant Director Dexter Payne was untimely. This fact is undisputed. Mr. Stowell received the rejection of his unit level grievance on June 20, 2016, and he appealed on June 28, 2016 – six working days later. Accordingly, Mr. Stowell failed to file his appeal within five working days of the rejection of his formal grievance and did not exhaust his administrative remedies as required by ADC policy. As a result, his current claim is barred by his failure to exhaust, and defendant Lt. Grey remains entitled to summary judgment, as Judge Volpe concluded in his Proposed Findings and Recommendations.

It is therefore ordered that:

1.  Defendant Telly Grey's motion for summary judgment on exhaustion of administrative remedies is granted (Dkt. No. 16).

2. Plaintiff Christopher Stowell's motion for copies is granted (Dkt. No. 23). The Court directs the Clerk to transmit copies of the docket filings to Mr. Stowell at his listed address.

3. This case is dismissed, as all of Mr. Stowell's claims have been dismissed by this Court's current and prior Orders (Dkt. No. 22). The relief Mr. Stowell seeks is denied.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

It is so ordered this the 19th day of September, 2017.

_____
Kristine G. Baker
United States District Judge